# EXHIBIT  "A"

## Case Information

21A02603 | Zakiyyah Al-Badee VS Golden Corral Corporation

| Case Number | Court | Judicial Officer |
|---|---|---|
| 21A02603 | Division 1 | Wong, Alvin T |
| File Date | Case Type | Case Status |
| 05/27/2021 | Tort - Premise Liability | E-File Open |

## Party

Plaintiff
Al-Badee, Zakiyyah

Active Attorneys ▼
Lead Attorney
Williams, Rita Tucker
Retained

Defendant (Participant)
Golden Corral Corporation

## Events and Hearings

05/27/2021 General Civil Information Form ▼

Al-Badee (Filing Form).pdf

Comment
**Filing Form**

05/27/2021 Summons ▼

Al-Badee (SUMMONS).pdf

Comment
**Summons**

05/27/2021 Complaint ▼

Al-Badee (Complaint).pdf

Comment
**Complaint for Damages**

05/27/2021 Interrogatories ▼

First Interrogatories to Defendant.pdf

Comment
**Plaintiff's Interrogatories To Defendant**

05/27/2021 Request for Productions of Documents ▼

Plaintiff's Request for Production of Docs To Defendant.pdf

Comment
**Plaintiff's Request for Prod of Documents to Defendant**

05/27/2021 E Filed Open ▼

Comment
**/JUDGE WONG**

06/02/2021 Affidavit of Service ▼

Al-Badee (Affidavit of Service) re Golden Corral Corp.pdf

Comment
**Affidavit of Service (Golden Corral)**

## Financial

Al-Badee, Zakiyyah

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $242.00 |
| | Total Payments and Credits | | | $242.00 |
| 5/27/2021 | Transaction Assessment | | | $242.00 |
| 5/27/2021 | eFile Payment | Receipt # 2021-28819 | Al-Badee, Zakiyyah | ($242.00) |

## Documents

Al-Badee (Filing Form).pdf

Al-Badee (SUMMONS).pdf

Al-Badee (Complaint).pdf

First Interrogatories to Defendant.pdf

Plaintiff's Request for Production of Docs To Defendant.pdf

Al-Badee (Affidavit of Service) re Golden Corral Corp.pdf

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of _DEKALB_ County

| For Clerk Use Only | |
|---|---|
| Date Filed 5/27/2021 | Case Number 21A02603 |
| MM-DD-YYYY | |

**Plaintiff(s)**                                                    **Defendant(s)**

_AL-BADEE, ZAKIYYAH_                          _GOLDEN CORRAL CORPORATION_

| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _RITA TUCKER WILLIAMS_ State Bar Number _763978_ Self-Represented ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

☐ **Automobile Tort**
☐ **Civil Appeal**
☐ **Contempt/Modification/Other Post-Judgment**
☐ **Contract**
☐ **Garnishment**
☐ **General Tort**
☐ **Habeas Corpus**
☐ **Injunction/Mandamus/Other Writ**
☐ **Landlord/Tenant**
☐ **Medical Malpractice Tort**
☐ **Product Liability Tort**
☐ **Real Property**
☐ **Restraining Petition**
☒ **Other General Civil** _PREMISE_

**Domestic Relations Cases**

☐ **Adoption**
☐ **Contempt**
   ☐ **Non-payment of child support, medical support, or alimony**
☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
☐ **Family Violence Petition**
☐ **Modification**
   ☐ **Custody/Parenting Time/Visitation**
☐ **Paternity/Legitimation**
☐ **Support – IV-D**
☐ **Support – Private (non-IV-D)**
☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                                Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20
STATE COURT OF
DEKALB COUNTY, GA.
5/27/2021 4:41 PM
E-FILED
BY: Monica Gay

No. ___21A02603___

Date Summons Issued and E-Filed

___5/27/2021___

___/s/ Monica Gay___

Deputy Clerk

Deposit Paid $ _____

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

*ZAKIYYAH AL-BADEE*

Plaintiff's name and address

[ ] JURY

vs.

*GOLDEN CORRAL CORPORATION*

Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Name ___RITA T. WILLIAMS___

Address ___220 CHURCH ST. DECATUR, GA 30030___

Phone Number ___404-370-3783___          Georgia Bar No. ___763978___

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____

Address _____

Phone No. _____ Georgia Bar No. _____

Third Party Attorney _____

Address _____

Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**

☐ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____

Interest $ _____

Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☐ (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ZAKIYYAH AL-BADEE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *  CIVIL ACTION |
| | *  FILE NO.: 21A02603 |
| GOLDEN CORRAL CORPORATION, | * |
| | * |
| Defendant. | * |

### PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** the ZAKIYYAH AL-BADEE, in the above-styled action, by and through her attorney of record, and files this Complaint for Damages against Defendant, GOLDEN CORRAL CORPORATION, and shows the Court as follows:

### PARTIES

**1.**

Plaintiff, Zakiyyah Al-Badee, (called "Plaintiff Al-Badee") is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

**2.**

Defendant, Golden Corral Corporation, (called "Defendant Golden Corral"), is a foreign corporation existing under the laws of North Carolina with its principal place of business at 5151 Glenwood Ave., Raleigh, North Carolina 27612 and may

1

be served through its registered agent *Corporation Service Company, 2 Sun Court,*

*Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.*

## JURISDICTION AND VENUE

**3.**

The Defendant is subject to the jurisdiction of this Court, and venue is

proper in Dekalb County.

**4.**

The State Court of Dekalb County has jurisdiction over the subject matter of

this action.

## BACKGROUND

**5.**

Plaintiff re-alleges and incorporate herein the allegations contained in

paragraphs 1 through 4 above as if fully restated.

**6.**

Plaintiff brings this action and sues for the following:

a. Special damages for all medicals and other necessary expenses incurred by

   Plaintiff due to her injuries, on or about June 4, 2019, all of which were

   proximately caused by the acts and omission of the Defendant as set forth

   herein.

2

b. Compensatory damages for the conscious pain and suffering and severe emotional distress which resulted from the occurrence made from the basis of this lawsuit, and which were proximately caused by the acts and omissions of the Defendant as set forth herein; and

c. General damages for the overall diminution in the quality and value of Plaintiff's life, proximately caused by the acts and omission of Defendant as set forth herein.

## DAMAGES

### 7.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 6 above as if fully restated.

### AGGRAVATION OF PREVIOUS INJURIES

Plaintiff Al-Badee has a previous history of thoracic scoliosis and has had surgical correction which was performed in 1980.

The law states that where a condition or bodily defect is increased or aggravated, the party whose negligence caused the injury is liable for the full and final effect, the net result of such injury.  In other words, a party whose negligence causes physical injury to another cannot urge that the event would not have caused any serious injury to a normally healthy person or that the only reason that the injured

3

person is suffering such disability or pains is that he/she was already suffering from a pre-existing conditions or bodily defect.

The laws further states, that a person who injures another cannot plead that what they did would not have injured a perfectly healthy person. Wrongdoers are not entitled to a healthy victim; they must take their victim in the condition they find them. The law in this area derives from the moral principle that the duty of care of abstaining from injuring another is due to the weak, the sick, the infirm, equally with the healthy and strong. When that duty is violated, the measure of damages is the injury inflicted, even though that injury might have been aggravated or might not have happened at all, but for all the peculiar physical condition of the person injured. A negligent party must take his victim as he finds them and is responsible for all the natural and probable consequences of his wrong, even though the consequences are made much more serious or harmful by reason of a pre-existing physical defect or weakness of the injured person.

The fact that a person was already afflicted with a dormant condition, even one that might someday produce physical disability, is no reason why he should not be allowed damages or compensation for a personal injury that causes the condition to become active and super induces physical disability. *Bray v. Lathan, 81 Ga 640. Mitchell v. Turner, 89 Ga. App 14 (1958).*

## SUMMARY OF INJURIES AND MEDICAL TREATMENT

Plaintiff Zakiyyah Al-Badee, a then 55-year-old female presented with neck and low back pain as a result of an incident which occurred on June 4, 2019 while at Golden Corral #2634, 2136 Lawrenceville Hwy., Decatur, GA 30033. Plaintiff Al-Badee was standing next to the drink machine when an employee attempted to reload the drink machine with ice. The employee missed the drink machine and poured the bucket of ice on Plaintiff Al-Badee's head. As the ice was falling on Plaintiff Al-Badee's head, she reacted by jerking herself backwards and strained her neck and low back in the process. Plaintiff Al-Badee felt immediate pain in her neck and low back. The ambulance arrived at the scene and transported Plaintiff to the emergency room at Dekalb Medical Center.

While at the hospital on June 4, 2019, Plaintiff was evaluated of her injuries, had x-rays, and was discharged with instructions to follow up as an outpatient. The pain continues.

Plaintiff sought further treatment at Barbour Orthopedic on February 10, 2020. Neck pain is currently rated 8/10 pain is localized to the sides of the neck. Plaintiff describes the pain as throbbing with radiating pain down her upper extremities right greater than left, numbness and tingling sensations extending to the right hand, predominantly to the long and ring finger. Pain is aggravated with cervical range of motion. Low back pain is rated 10/10 and localized to the right

lower lumbar quadrant.  Pain is described as throbbing with associated stiffness. Pain radiates down her left leg and she note numbness/tingling sensations to the anterior thighs bilaterally, stopping at the level above the knees.  Plaintiff Al-Badee was diagnosed as follows:

| | |
|---|---|
| M54.2 | Cervicalgia |
| M54.5 | Lumbago |
| S13.4XXA | Sprain of ligaments of cervical spine |
| S33.5XXA | Sprain of ligaments of lumbar spine |

**8.**

As a direct result of the negligence and actions of the Defendant's employee, Plaintiff Al-Badee has incurred the following expenses:

| | |
|---|---|
| Emory Dekalb Medical Center | N/A |
| Barbour Orthopedics & Sports Medical | $6,993.80 |
| Linville Forest Park Barbour Ortho | $1,362.84 |
| Key Health (MRIs) | $6,820.00 |
| Dr. Laursen Chiropractic | $N/A |
| Benchmark | $N/A |
| Barbour Orthopedics & Sports Medicine | $8,412.36 est. |

(Code: 64493 Bilateral Facet Joint Injection L3-4    $4,358.97
(Code: 64494 Bilateral Facet Joint Injection L4-5    $2,131.47
(Code: 64495 Bilateral Facet Joint Injection L5-S1 - $1,921.92

| | |
|---|---|
| **Special Damages:** | **$N/A** |
| | |
| Pain and Suffering: Past, Present and Future | $100,000.00 |
| Future Treatment (Est.) | $100,000.00 |
| **Compensatory Damages:** | **$200,000.00** |
| | |
| **Total Damages:** | **$N/A** |

6

**9.**

Due to Defendant's negligence, Plaintiff Al-Badee suffered other ordinary incidental and consequential damages as would be anticipated to arise under the circumstances.

**10.**

Defendant's negligence is the sole and proximate cause of Plaintiff Al-Badee's injuries and Defendant is therefore liable for Plaintiff Al-Badee's damages.

## **FACTS**

**6.**

On June 4, 2019, Plaintiff, Al-Badee was an "invitee" at Golden Corral # 2634, located at 2136 Lawrenceville Hwy., Decatur, GA  30033.  Pursuant to O.C.G.A. § 51-3-1, *Under Georgia law, these people are known as "invitees", premises owner owe an "invitee" a duty of "ordinary care to keep the premises and approaches safe."*

**7.**

On June 4, 2019, Plaintiff Zakiyyah Al-Badee was standing in line at the Golden Corral #2634, 2136 Lawrenceville Hwy., Decatur, GA 30033, when an employee of Golden Corral attempted to reload the drink machine with ice.  The employee missed the drink machine and poured the bucket of ice on Plaintiff Al-Badee's head.  As the ice was falling on Plaintiff Al-Badee's head, she reacted by

jerking herself backwards and strained her neck and low back in the process. Plaintiff Al-Badee felt immediate pain in her neck and low back. The ambulance arrived at the scene and transported Plaintiff to the emergency room at Dekalb Medical Center.

## COUNT ONE
## PREMISES LIABILITY

### 8.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 7 above as if fully restated.

### 9.

Golden Corral' liability has been established in the subject incident pursuant to O.C.G.A. § 51-3-1 which states:

*"Where an owner or occupier of lane, by express or implied invitation, includes or leads others to come upon his premises for any lawful purposes, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."*

### 10.

Plaintiff Al-Badee was an invitee of Golden Corral #2634, located at 2136 Lawrenceville Hwy., Decatur, Dekalb County, Georgia 30033.

**11.**

Therefore, pursuant to O.C.G.A. § 51-3-1, Golden Corral #2634 owed the invitee a duty to exercise reasonable care in keeping the premises and approaches safe.

**12.**

Golden Corral breached this duty in the following ways:

a.  In failing to adhere to strict proper guidelines and procedures relating to the re-filling the ice container.

b.  In failing to warn invitees of the potential hazard while standing in line next to the ice container; and

c.  In failing to train its employees in re-filling the ice container.

**13.**

As a result of Defendant's actions, Plaintiff Al-Badee suffered immediate pain and serious injuries.

**14.**

In failing to do so, the business breached its duty to Plaintiff, an invitee, and consequently caused her injuries.

## COUNT TWO
## NEGLIGENT TRAINING and/or SUPERVISION

### 15.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

### 16.

Defendant was negligent in failing to adhere to the appropriate policies and procedures regarding the safety of invitees at or near the ice container while invitees are standing in line.

### 17.

Defendant was negligent in training and supervising its staff regarding safety protocol related to keeping the invitees safe.

**WHEREFORE**, plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

a. That Plaintiff recovers special damages, including, but not limited to, the full value of past and future medical expenses in an amount to be proven at trial;

b. That Plaintiff recovers for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

10

c.  That Plaintiff recovers such other and further relief as is just and proper; and

d.  That all issues be tried before a jury.

This 27th day of May 2021.

                                    **WILLIAMS & ASSOCIATES
                                    LAW FIRM, P. C.**

                                    */s/ Rita Tucker Williams*
                                    Rita T. Williams
                                    State Bar No. 763978
                                    Ledia L. Regis
                                    State Bar No. 750281
                                    ***Attorneys for Plaintiff***

220 Church Street
Decatur, GA  30030
(404) 370-3783
*E: rtwilliams@williamsandassoc.com*          STATE COURT OF
*E: lregis@williamsandassoc.com*              DEKALB COUNTY, GA.
                                              5/27/2021 4:41 PM
                                              E-FILED
                                              BY: Monica Gay

11

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ZAKIYYAH AL-BADEE, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | * |
| GOLDEN CORRAL CORPORATION, | * |
| | * |
| Defendant. | * |

CIVIL ACTION
FILE NO.: 21A02603 _____

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT GOLDEN CORRAL CORPORATION

You are required, pursuant to O.C.G.A.§ 9-11-26 and 9-11-33, to fully answer the following interrogatories separately and fully, in writing and under oath within 45 days of the service of this pleading.  You are required by O.C.G.A. § 9-11-33 to answer the interrogatories by furnishing all discoverable information available to you, which includes information which you have the power to secure and information which is within the knowledge of you or your attorney.

All the following interrogatories shall be deemed continuing in nature until the date of trial to the extent permitted by O.C.G.A § 9-11-26 (c), and you are required to serve supplemental answers to the extent required thereby if you or your attorneys obtain additional information between the time the answers are served and the time

1

of trial. Copies of such supplemental answers shall be served on the undersigned within forty-five (45) days from the discovery of such additional information, but not later than the time of trial.

## DEFINITIONS

The following definitions are applicable to each of the following Interrogatories unless negated by context:

The term "Documents" shall mean the original and any copies regardless of origin or location, or of any written, recorded, or graphic matter in whatever form, including copies, drafts, and reproduction thereof to which you have or have had access.

The word "Person" shall include any natural human being, association, firm, partnership, corporation, estate, or other legal entity.

The term "Communication" shall mean the transmittal of information from one or more persons to another person or persons, whether the medium for such transmittal be oral, written, telephonic or electronic recording, etc.

The word "Identify" with respect to any person, as defined above, or witness means to provide the following information: (a) full and correct legal name; (b) recent address and phone number; (c) the place of employment and phone number.

The word "Identify" with respect to any document means to provide the

2

following information: (a) the title of other means of identification of such document; (b) date that each document was prepared; (c) the name, address, and telephone number of the person (s) who prepared the document; (d) the name, address and telephone number of the person (s) currently in control of each document; (e) a description of the contents and subject matter of the document.

When used in these Interrogatories, the term "Incident" specifically refers to the collision which is described in the attached Complaint.

## **INTERROGATORIES**

### **1.**

Please identify all witnesses and/or employees known to Defendant who saw, or claim they saw, all or any part of the occurrence complained of in this action.

### **2.**

Please identify all witnesses and/or employees known to Defendant who arrived at the scene of the incident complained of in this action immediately or shortly after its occurrence.

### **3.**

Please identify all persons (including employees of Defendant) who have given written or recorded statements covering the facts and/or circumstances of the incident,

which is the subject matter of this litigation, identifying the same with sufficient particularity to satisfy a request for Production of Documents.

**4.**

Please identify any photographs, diagrams, or surveillance camera video or other pictorial representations concerning the events and happenings alleged in Plaintiff's Complaint.

**5.**

Identify any person employed by Defendant who was working (including cashiers, stockers, etc. in the area of the incident) at the restaurant on the date of the incident.

**6.**

To your information or belief, has there been any surveillance, video or otherwise, or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films, or other recordings of such surveillance.

**7.**

Identify all persons who are/were responsible for the re-filling of the ice container with ice on the date of the incident.

4

**8.**

Identify any and all policies and procedures of Defendant and/or the subject Restaurant that concern, govern, dictate, control, or otherwise instruct Golden Corral agents and/or employees in the re-stocking and re-filling ice containers.

**9.**

Please state whether there existed, prior to the incident which is the subject of Plaintiff's Complaint, any procedure or program for the regular inspection of the subject premises by Golden Corral, or someone acting in its behalf, which such procedure or program was designed to identify and/or discover potential hazards to the users of the premises thereof.  If so:

1.   Provide a general description of each such procedure or program, including the identity of each person charged with the responsibility for implementing and conducting each such procedure or program.

2.   State the regularity with which each such procedure or program was to be implemented or conducted, if applicable.

3.   State whether the procedure or program had been carried out prior to the date of the subject incident; and

4.   Identify all documents relating to each such procedure or program and their findings.

5

**10.**

Identify each person, corporation, firm, association, or other entity (including insurance adjusters) that has conducted an investigation to determine any of the facts pertaining to any of the issues in this case; describe the nature of each such investigation; and state which of such investigators, if any, are in your regular employ.

**11.**

Do you contend that the injuries complained of in this case were caused by the negligence of any party other than yourself or your agents and servants?  If your answer is yes, please identify:

1. The party whom you contend was guilty of such negligence.

2. Every act of ordinary negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case.

3. Every act of gross negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case.

4. Every act of slight negligence which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case.

5.  Every act of negligence per se which you claim was committed by such party or his agents and servants and which you contend proximately caused or contributed to the injuries complained of in this case (include in your answer a citation to the statute, ordinance, rule, or regulation which you contend established the controlling standard of conduct).

6.  Each and every fact and reason upon which you base your contentions concerning acts of negligence committed by such party; and

7.  Each and every person who has any knowledge or information concerning each such fact.

**12.**

Please state whether you, or anyone acting on your behalf, had any knowledge or information, of any nature whatsoever, that any condition existed at the subject premises, which could cause or contribute to the occurrence alleged in Plaintiff' Complaint.  If so:

1.  State the date you acquired such knowledge and/or information.

2.  State what knowledge and/or information you had.

3.  Identify the person or persons who made such knowledge and/or information known to you.

7

4.    State whether any remedial and/or corrective action was taken based upon such knowledge.

5.    Identify the person who took any such remedial and/or corrective action, and state the date thereof; and

6.    Identify any documents relating to such condition and/or corrective action.

**13.**

Identify by location, camera number, or other reasonably specific means, all security cameras that may have captured any image of Plaintiff at any time during June 4, 2019.

**14.**

Identify each and every other document, tangible object, or other item of real, documentary, or demonstrative evidence, which contains or may contain, material or information which is, which may be, or which you contend is, relevant to any issues involved in this case, and identify the person presently having possession, custody or control of each item listed.

**15.**

Identify every person who supplied you with information, of whatever nature or description, used by you in answering these interrogatories.

8

**16.**

Please state whether, in compiling your answers to these interrogatories, you have made a reasonable and diligent effort to identify and provide not only such facts as are within your personal knowledge, but such facts as are also reasonably available to you and/or any person acting on your behalf.

**17.**

Identify the first time, and the manner in which it became aware, that Defendant Golden Corral, and/or its agents, employees, or other persons investigating the subject matter of this lawsuit became aware that Plaintiff intended to pursue a claim of any kind, and/or against any party, for the injuries alleged in this lawsuit.

**18.**

Please identify each person (whether your employee or not), who, by virtue of his experience, education, or training, is an expert or is believed by you to be qualified as an expert, and/or has been retained by you or on your behalf to make an investigation or study of the incident under investigation.

**19.**

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(4), please identify all persons (whether your employees or not) whom you expect to call or may call as an expert witness upon the trial of this matter.

**20.**

With particularity sufficient to satisfy O.C.G.A. § 9-11-26(b)(2), please identify any policy or policies of liability insurance which would or might ensure to the benefit of Plaintiffs here by providing for payment of a part of, or all any judgment rendered in favor of Plaintiff against Defendant or against any other person, firm, or corporation who is or may be liable to Plaintiff by reason of the incident described in the Complaint.

**21.**

If you contend that Plaintiff has brought action against the wrong entity due to a misnomer, please state the complete name of the correct defendant in this action.

**22.**

If there was an investigation made of the incident that forms the basis of this suit, please state whether the Defendant conducted such investigation in anticipation of litigation and, if so, state each fact of which Defendant was aware prior to the investigation that caused it to believe that it was conducting the investigation in anticipation of litigation.

**23.**

Please identify all employees and managers on duty at the Golden Corral at the time of Plaintiff's incident.

10

This 27th day of May 2021.

WILLIAMS & ASSOCIATES
LAW FIRM, P. C.

*/s/ Rita T. Williams*
Rita T. Williams
GA State Bar No. 763978
Ledia L. Regis
GA State Bar No. 750281
**Attorneys for the Plaintiffs**

220 Church Street
Decatur, GA  30030
(404) 370-3783
Email: rtwilliams@williamsandassoc.com

STATE COURT OF
DEKALB COUNTY, GA.
5/27/2021 4:41 PM
E-FILED
BY: Monica Gay

11

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

ZAKIYYAH AL-BADEE,                          *

                                            *

     Plaintiff,                            *

                                            *

vs.                                         *       CIVIL ACTION

                                            *       FILE NO.: 21A02603 _____

GOLDEN CORRAL CORPORATION,                  *

                                            *

     Defendant.                            *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GOLDEN CORRAL CORPORATION

Please take notice, you are hereby required to produce to the undersigned or make available for production to the undersigned, within the time allowed by law, the following Documents and Tangible Items. These requests are continuing, and you are hereby requested and instructed to provide any and all supplemental information in response to any of these requests for production that may become available after service of your initial answers and within thirty (30) days of this information becoming available.

Plaintiff states that Plaintiff has need to examine, copy, and inspect said described items and is unable without undue hardship to obtain the substantial equivalent of the materials by other means, or, alternatively, Plaintiff is otherwise

1

STATE COURT OF
DEKALB COUNTY, GA.
5/27/2021 4:41 PM
E-FILED
BY: Monica Gay

entitled to said items under the Civil Practice Act and case law interpreting same.

In lieu of production of the originals, Defendant may provide photocopies of the requested information to the undersigned. For items that include color as a material aspect of the item, such as color photos and the like, Defendant may provide color photocopies or a CD of computerized data files in .jpg format of scans of the items to the undersigned in lieu of the originals.

If in response to these requests, You fail to disclose any fact and/or document, and then at a later date disclose such fact and/or document to Plaintiff, please provide full information about how such existence of this additional fact and/or document was "discovered" by You, by whom such additional fact and/or document was "discovered", when such additional document and/or fact was "discovered", who made the decision to disclose such additional fact and/or document to Plaintiff, when that decision was made, and in detail, why such additional fact and/or document was not disclosed to Plaintiff in Your initial responses.

## REQUESTS FOR PRODUCTION

### 1.

Please produce all statements in your possession made by you, the Plaintiff, and/or any other witness to the subject incident.

2

**2.**

Please produce all diagrams, all sketches, all **surveillance, all videos, all photos,** all reports, or other tangible items, which are relevant to or relate to the subject incident or any defenses you have raised regarding the subject incident.

**3.**

Please produce a declaration page or the complete policy of insurance for all policies of insurance, which cover, or which may cover any of the claims asserted by Plaintiffs in this lawsuit. This request seeks production of the described information for each policy of insurance identified in response to the interrogatories filed and served simultaneously herewith.

**4.**

Please produce all documents, tangible items, and/or exhibits you plan to introduce into evidence at the trial of this case.

**5.**

Please produce all pictures, incident reports, samples of the incident on the date in question.

**6.**

Please produce all documents, tangible items, and/or exhibits you plan to publish to the jury as a demonstrative aid during the trial of this case.

**7.**

Please produce all notes, diaries, correspondence, writings, documents, or other tangible items created by Defendant at any time that refers to the subject incident.

**8.**

Please produce any and all documents and tangible items that support any of your defenses in this lawsuit, including but not limited to comparative or contributory negligence on behalf of the Plaintiff.

**9.**

Please produce any and all medical records and medical bills of Plaintiff Zakiyyah Al-Badee in your possession.

**10.**

Please provide a copy of any and all **medical records, medical bills, educational, and employment records** of Plaintiff Zakiyyah Al-Badee you have received through "Request for Production of Documents To any Non-Parties."

**11.**

Please produce a copy of any surveillance that depletes Plaintiff Zakiyyah Al-Badee on the date of the incident.

This 27th day of May 2021.

WILLIAMS & ASSOCIATES
LAW FIRM, P.C.

*/s/ Rita T. Williams*
Rita T. Williams
GA State Bar No. 763978
Ledia L. Regis
GA State Bar No. 750281
*Attorneys for Plaintiff*

220 Church Street
Decatur, GA 30030
(404) 370-3783
Email: rtwilliams@williamsandassoc.com

STATE COURT OF
DEKALB COUNTY, GA.
5/27/2021 4:41 PM
E-FILED
BY: Monica Gay

5



# Notice of Service of Process

null / PERINJ
**Transmittal Number: 23276907**
**Date Processed: 06/01/2021**

| | |
|---|---|
| Primary Contact: | Mr. R. Chappell Philips<br>Golden Corral Corporation<br>5151 Glenwood Ave<br>Raleigh, NC 27612-3240 |

| | |
|---|---|
| **Entity:** | Golden Corral Corporation<br>Entity ID Number  2076751 |
| **Entity Served:** | Golden Corral Corporation |
| **Title of Action:** | Zakiyyah Al-Badee vs. Golden Corral Corporation |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dekalb County State Court, GA |
| **Case/Reference No:** | 21A02603 |
| **Jurisdiction Served:** | Georgia |
| **Date Served on CSC:** | 05/28/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Rita T. Williams<br>404-370-3783 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ZAKIYYAH AL-BADEE,                    )
                                      )        CIVIL ACTION FILE NO.:
             Plaintiff,               )
                                      )        21A-02603
vs.                                   )
                                      )
GOLDEN CORRAL CORPORATION,            )
                                      )
             Defendant.               )

**DEFENDANT'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW GOLDEN CORRAL CORPORATION (hereinafter "Defendant") and files and serves its Answer and Defenses to Plaintiff's Complaint for Damages, showing this Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state or set forth claims against Defendant upon which relief can be granted.

**SECOND DEFENSE**

As a Second Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

PARTIES

1.

This Defendant is able to neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint.

- 1 -

2.

This Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint.  In further response, this Defendant states it is an improper party to this civil action.

JURISDICTION AND VENUE

3.

This Defendant Denies the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4.

This Defendant admits that the State Court of DeKalb County appears to have subject matter jurisdiction over the incident at issue.  In further response, this Defendant states it is an improper party to this civil action.  This Defendant denies any remaining allegations contained within Paragraph 4 of Plaintiff's Complaint.

BACKGROUND

5.

In response to Paragraph 5 of Plaintiffs' Complaint, this Defendant incorporates herein by reference the above paragraphs 1 through 4 as though fully stated herein.

6.

Paragraph 6 of Plaintiff's Complaint contains a summary of her claims and alleged damages arising from the complained of incident, to which no response is required by this Defendant.  To the extent specific allegations are contained within Paragraph 6, and its subparts, same are denied.

<u>DAMAGES</u>

7.

In response to Paragraph 7 of Plaintiffs' Complaint, this Defendant incorporates herein by reference the above paragraphs 1 through 6 as though fully stated herein.

AGGRAVATION OF PREVIOUS INJURIES

Within this portion of Plaintiff's Complaint, Plaintiff asserts various conclusions of law within four (4) unnumbered paragraphs, to which no response is required by this Defendant.  To the extent it is determined that allegations exist requiring a response, same are denied.

SUMMARY OF INJURIES AND MEDICAL TREATMENT

Within this portion of Plaintiff's Complaint, Plaintiff asserts various fact patterns and lists medical treatment and diagnoses within three (3) unnumbered paragraphs.  This Defendant is able to neither admit nor deny the allegations contained within these three (3) unnumbered paragraphs of Plaintiff's Complaint.  In further response, this Defendant states it is an improper party to this civil action.

8.

This Defendant denies the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

This Defendant denies the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

This Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

FACTS

11.

The Second paragraph enumerated as 6 of Plaintiff's Complaint contains assertions of Georgia Law, to which no response is required by this Defendant.   To the extent specific allegations are contained within Paragraph 6, and its subparts, same are denied.

12.

This Defendant is able to neither admit nor deny the allegations contained within the second Paragraph enumerated as "7" of Plaintiff's Complaint.

## COUNT ONE

**Premises Liability**

13.

In response to the second paragraph enumerated as 8 of Plaintiff's Complaint, Defendant incorporates herein by reference the above paragraphs 1 through 12 as though fully stated herein.

14.

The Second paragraph enumerated as 9 of Plaintiff's Complaint contains assertions of Georgia Law, to which no response is required by this Defendant.   To the extent specific allegations are contained within Paragraph 9, the same are denied.

15.

This Defendant is able to neither admit nor deny the allegations contained within the second Paragraph enumerated as 10 of Plaintiff's Complaint.

{Firm/101/00254/DRAFTS/03096135.DOCX }

16.

The paragraph enumerated as 11 of Plaintiff's Complaint contains assertions of Georgia Law, to which no response is required by this Defendant.  This Defendant further states that Plaintiff makes reference to a legal non-entity, "Golden Corral #2634" as owing Plaintiff a duty. To the extent specific allegations are contained within the Paragraph enumerated as 11, the same are denied.

17.

This Defendant denies the allegations contained within the Paragraph enumerated as 12 of Plaintiff's Complaint, including its subparts.

18.

This Defendant denies the allegations contained within the Paragraph enumerated as 13 of Plaintiff's Complaint, including its subparts.

19.

This Defendant denies the allegations contained within the Paragraph enumerated as 14 of Plaintiff's Complaint, including its subparts.

## **COUNT TWO**

### **Negligent Training and/or Supervision**

20.

In response to the paragraph enumerated as 15 of Plaintiff's Complaint, Defendant incorporates herein by reference the above paragraphs 1 through 19 as though fully stated herein.

21.

This Defendant denies the allegations contained within the Paragraph enumerated as 16 of Plaintiff's Complaint, including its subparts.

17.

This Defendant denies the allegations contained within the Paragraph enumerated as 17 of Plaintiff's Complaint.

18.

Defendant denies all allegations, to the extent that they exist, in the unnumbered "WHEREFORE" section, including all subparts, of Plaintiff's Complaint.  Further, Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" section, including all subparts, of Plaintiff's Complaint.

19.

All other allegations contained in Plaintiff's Complaint not hereinbefore specifically responded to are hereby denied.

## THIRD DEFENSE

Plaintiff's claims are barred, because if this Defendant were negligent, which this Defendant expressly denies, Plaintiff was guilty of negligence in a degree equal to or greater than any alleged negligence on the part of this Defendant.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, defendant shows that Plaintiff's alleged damages, if any, were directly and proximately caused by the acts or omissions of Plaintiff which constituted contributory and comparative negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

This Defendant is not liable to Plaintiff in any amount whatsoever because this Defendant has not been negligent in any way or manner.

- 6 -

## SIXTH DEFENSE

The injuries and damages of which Plaintiff complains of were the result of conditions, persons and/or events over which this Defendant had no control and were not caused in any manner by its acts or omissions to act.

## SEVENTH DEFENSE

This Defendant has breached no duty owed to Plaintiff. This Defendant was neither owner nor occupier of the property at issue, thus had no responsibility for the maintenance of the property at issue at the time alleged.

## EIGHTH DEFENSE

Plaintiff's claims for special damages are subject to dismissal due to the failure to plead them with specifics, pursuant to O.C.G.A. §9-11-9(g).

## NINTH DEFENSE

The complained of incident is not the proximate cause of Plaintiff's alleged injuries, thus Plaintiff may not recover damages from this Defendant.

## TENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's alleged injuries and damages, if any, were not foreseeable to this Defendant. Further, any damages should be apportioned between any culpable parties, including Plaintiff.

## ELEVENTH DEFENSE

To the extent that this Defendant owed a duty of care to Plaintiff, this Defendant did not breach that duty of care and was not on notice of anything that would cause injury to anyone.

## TWELFTH DEFENSE

This Defendant did not breach any duty of care and had no actual or constructive knowledge of any allegedly dangerous condition that may have caused or contributed to Plaintiff's alleged injuries, if any.

## THIRTEENTH DEFENSE

Plaintiff was neither invitee nor licensee of this Defendant at the time and location alleged, thus has no basis for claim against this Defendant.

## FOURTEENTH DEFENSE

To the extent that an allegedly dangerous condition existed as described in Plaintiff's Complaint, which this Defendant denies, Plaintiff knew, or should have known, of the existence of the alleged danger, realized and appreciated the possibility of injury as a result of the danger, and, having a reasonable opportunity to avoid it, should not have voluntarily exposed herself to the danger.

## FIFTEENTH DEFENSE

As discovery has not yet begun, this Defendant specifically reserves the right to raise any additional claims or affirmative defenses that may be discovered. This Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent applicable. Defenses asserted herein are based upon the initial theories of defense counsel. This Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

WHEREFORE, having answered fully, Defendant GOLDEN CORRAL CORPORATION respectfully requests that this Court dismiss Plaintiff's Complaint and cast all costs against Plaintiff.

Respectfully submitted this 22nd day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ William T. Mitchell*
**William T. Mitchell**
Georgia Bar No. 513810
Email:  bmitchell@cmlawfirm.com
Direct Dial:  404-881-2633

*/s/ John D. Rogers, Jr.*
**John D. Rogers, Jr.**
Georgia Bar No. 612745
Email:  jrogers@cmlawfirm.com
Direct Dial:  678-684-1778

/s/ Marisa M. Beller
**Marisa M. Beller**
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-4157

*(Attorneys for Defendant)*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have electronically filed the within ***DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES*** with the Clerk of Court using the Odyssey file and serve system, which will automatically serve a copy of same upon all counsel of record as follows:

Rita Tucker Williams
Ledia L. Regis
WILLIAMS & ASSOCIATES LAW FIRM, P.C.
220 Church St.
Decatur, GA 30030
rtwilliams@williamsandassoc.com
lregis@williamsandassoc.com

*(Attorneys for Plaintiff)*

This 22nd day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**

*/s/ John D. Rogers, Jr.*
**John D. Rogers, Jr.**
Georgia Bar No. 612745

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

ZAKIYYAH AL-BADEE,            )
                              )      CIVIL ACTION FILE NO.:
            Plaintiff,        )
                              )      21A-02603
vs.                           )
                              )
GOLDEN CORRAL CORPORATION,    )
                              )
            Defendant.        )

**NOTICE OF FILING NOTICE OF REMOVAL**

TO:   CLERK, STATE COURT OF DEKALB COUNTY

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice

of Removal in this action with the United States District Court for the Northern District of Georgia,

Atlanta Division, a copy of which is attached hereto and by reference made a part hereof.

Respectfully submitted this 22nd day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez,
Gaston & Zimet, LLP**

*/s/ William T. Mitchell*
**William T. Mitchell**
Georgia Bar No. 513810
Email:  bmitchell@cmlawfirm.com
Direct Dial:  404-881-2633

*/s/ John D. Rogers, Jr.*
**John D. Rogers, Jr.**
Georgia Bar No. 612745
Email:  jrogers@cmlawfirm.com
Direct Dial:  678-684-1778

*[signatures continue on next page]*

- 1 -

/s/ Marisa M. Beller
**Marisa M. Beller**
Georgia Bar No. 845893
Email: mbeller@cmlawfirm.com
Direct Dial: 678-684-4157

*(Attorneys for Defendant*
*Golden Corral Corporation)*

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the ***NOTICE OF FILING NOTICE OF REMOVAL*** with the Clerk of Court via the Odyssey file and serve system, and that I have served a copy of same to counsel of record, via certified mail, with adequate postage, addressed as follows:

Rita Tucker Williams
Ledia L. Regis
WILLIAMS & ASSOCIATES LAW FIRM, P.C.
220 Church St.
Decatur, GA 30030
rtwilliams@williamsandassoc.com
lregis@williamsandassoc.com

*(Attorneys for Plaintiff)*

**Via Certified Mail No.**
**9171 9690 0935 0232 0238 05**

This 22nd day of June, 2021.

**Cruser, Mitchell, Novitz, Sanchez,**
**Gaston & Zimet, LLP**

*/s/ John D. Rogers, Jr.*
**John D. Rogers, Jr.**
Georgia Bar No. 612745